# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7385 | **DATE** | 2/17/2011 |
| **CASE TITLE** | Lockett vs. Check Free | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* is granted. Plaintiff's motion for appointment of counsel is denied without prejudice.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

Plaintiff Charles Lockett moves for leave to proceed *in forma pauperis* and for appointment of counsel.

Plaintiff's *in forma pauperis* application claims he is currently unemployed, he last worked in a temporary position for $8.75 an hour, and he receives unemployment benefits of $64 a week. Plaintiff avers that he owns no property. Plaintiff meets his burden of showing an inability to pay, or give security therefor, the filing fee. *See* 28 U.S.C. § 1915.

Plaintiff complains that Defendant placed its name on his credit report without his approval, contrary to the Fair Credit Reporting Act. Plaintiff's complaint alleges violations of Sections 616 and 617 of the FCRA. 15 U.S.C. §§ 1681n–1681o. Those sections impose liability for willful and negligent non-compliance with the FCRA.

The complaint does not appear frivolous or deficient on its face so as to justify *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B). *See Langston v. Rizza Chevrolet, Inc.*, No. 07 C 5965, 2008 U.S. Dist. LEXIS 96133, at *17-19 (N.D. Ill. Nov. 24, 2008) (making a similar FRCA claim). Accordingly, Plaintiff's petition for leave to proceed *in forma pauperis* is granted. However, the Court notes that Plaintiff's credit report is attached to his complaint and Check Free appears under the section titled "Account Review Inquires," which specifically states that "these inquires are not displayed to anyone but you and will not affect any creditor's decision or any credit score." As such, Plaintiff may have difficulty proving damages. However, because Plaintiff is *pro se*, the Court must construe his complaint liberally. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). The Court will allow the complaint to go forward at this time.

The Court "may request an attorney to represent any person unable to afford counsel" in response to Plaintiff's motion for appointment of counsel. 28 U.S.C. § 1915(e)(1). A ruling on this motion is guided by

| STATEMENT |
|---|
| two inquiries: (1) has Plaintiff made reasonable efforts to find counsel and (2) does Plaintiff appear competent to try it himself? *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). At this very early stage in litigation, before the complaint has been answered, it is difficult to determine the complexity of the case. There is no indication at this time that Plaintiff is not competent to try the case himself. Therefore, the motion for appointment of counsel is denied without prejudice to a later request if circumstances change.<br><br>. |