# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7385 | **DATE** | 11/18/2011 |
| **CASE TITLE** | Lockett vs. Check Free | | |

**DOCKET ENTRY TEXT**

Defendant Check Free's Motion to Dismiss [20] is granted. To the extent Plaintiff's response [24] is construed as a motion to amend his Complaint, that motion is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.
Mailed AO 450 form.

## STATEMENT

Before the Court is Defendant Check Free's Motion to Dismiss *pro se* Plaintiff Charles Lockett's claim against it for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FRCA"). For the reasons stated herein, the motion is granted.

### I. BACKGROUND

In November 2010, Lockett brought this suit alleging that Check Free violated the FCRA when it placed its name on his TransUnion credit report, making it appear as though the owed the company money. Lockett alleges this caused him to be denied credit and employment. Check Free argues that dismissal is warranted because Lockett has failed to adequately allege a claim against it as a "furnisher" of information to consumer reporting agencies. Plaintiff subsequently filed an amended complaint in which he alleged that, as of March 22, 2011, Check Free continued to report inaccurate information to Trans Union. Check Free moves to dismiss his complaint on the ground that although its name appears on Lockett's credit report, it appears in a section titled "Account Review Inquiries," which states as follows:

> The companies listed below obtained information from your consumer report for the purpose of an account review or other business transaction. These inquires are not displayed to anyone but you and will not affect any creditor's decision or any score (except insurance companies may have access to other insurance company inquiries, where permitted by law)

Due to this language, Check Free argues that Lockett's factual allegations are demonstrably meritless. As such, Check Free moves to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or for a more definite statement Fed. R. Civ. P. 12(e).

| STATEMENT |
|---|

## II. LEGAL STANDARD

In deciding a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants fair notice of the claim, and to "plausibly suggest that the plaintiff has a right to relief, raising the possibility above a speculative level." *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

## III. ANALYSIS

As a preliminary matter, the Court notes that Lockett's response to this motion does not address the substance of Check Free's argument, but merely restates his claims and purports to request leave to amend his Complaint. It is unclear to this Court what purpose the amendment would serve because it would not cure the deficiencies complained of by Check Free. In fact, Lockett has attached another copy of his TransUnion credit report in which Check Free appears in the "Account Review Inquiries" section.

The FCRA extends liability to businesses that request consumer reports for an impermissible purpose. 15 U.S.C. §§ 1681b(a)(3)(A), (f). If Check Free had requested Lockett's information for an impermissible purpose, that is for some reason other than in connection with a credit transaction, Lockett might be able to state a claim for relief under FCRA. *See Trikas v. Univ. Card Servs. Corp.*, 351 F. Supp. 2d 37, 41–42 (E.D.N.Y. 2005). However, Lockett does not pursue a claim under this theory, but rather argues that he has suffered harm by Check Free's appearance on his credit report, which caused him denial of employment opportunities and hampered his ability to rent an apartment. Lockett makes no attempt to explain how this can be so if no one but Lockett sees this inquiry on his report. Nor does he take issue with the truth of the representation that the Account Review Inquiry listings are not visible to creditors. Given this, Lockett's complaint cannot stand. *See Centers v. Centennial Mortg., Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) ("[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment.")

Further, although Defendant did not raise this issue, the Court notes that Lockett's claim fails for a more fundamental reason. Lockett claims that Check Free inaccurately reported its name to TransUnion. Under the FCRA, creditors are required to furnish accurate information to consumer reporting agencies. 15 U.S.C. § 1681s-2(a). But only the Federal Trade Commission can enforce this portion of the statute, so there is no private right of action under it. *Lang v. TCF Bank*, 338 Fed. App'x 541, 544 (7th Cir. 2009).

Another provision of the statute allows for a private right of action where furnishers of information fail to take appropriate action after being informed by a credit reporting agency that the customer disputed the information. 15 U.S.C. § 1681s-2(b). When a furnisher is informed of such a dispute, it must investigate the disputed information and report the results to the credit reporting agency. *Id.* If the information reported is inaccurate, the furnisher must block the reporting of that information. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 434 (7th Cir. 2009). Here, Lockett's complaint does not allege that he contacted TransUnion to dispute the allegedly erroneous information on his credit report. Without any allegation that Check Free received notice of the alleged inaccuracy,

**STATEMENT**

Lockett's Complaint cannot go forward. Furthermore, because Plaintiff has failed to state a claim for which relief can be granted, it is unnecessary for the Court to consider Check Free's request for a more definite statement.

## IV. CONCLUSION

For the reasons stated above, Check Free's motion to dismiss [20] is granted. To the extent Lockett's response [24] is construed as a motion to amend his Complaint, that motion is denied.

`